JUST C. GRASBORG, APPELLEE, V. H. F. HAHN & COMPANY, APPELLANT.

FILED APRIL 3, 1914. No. 17,577.

Conversion: PLEADING AND PROOF. In a suit to recover damages for the conversion of a stock of merchandise alleged to have been converted by defendant, it is error on the part of the trial court to admit proof of, and by instructions to allow a recovery for,

the conversion of store fixtures not alleged in the petition to have been converted.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE.  *Reversed.*

*Burkett, Wilson & Brown* and *Baldrige, Keller & Keller,* for appellant.

*Byron G. Burbank* and *Mockett & Peterson, contra.*

ROSE, J.

Plaintiff sued to recover damages for conversion. The jury returned a verdict in his favor for $3,988.08. To prevent the granting of a new trial, plaintiff filed a remittitur for $1,000 in conformity with a ruling of the district court. From a judgment for $2,988.08, defendant has appealed.

When plaintiff was running a retail jewelry store in South Omaha, February 19, 1906, he was indebted to defendant, a wholesale jewelry company of Chicago, in the sum of $772.06. On that date, for the expressed consideration of $800, plaintiff executed a bill of sale, absolute in form, transferring to John E. Friedland, for defendant, the stock of merchandise in plaintiff's store. The bill of sale also included "one iron safe and six showcases and four wall cases with connecting mirrors, and all other furniture." In the petition, which was not filed until August 24, 1909, plaintiff pleaded an oral agreement obligating defendant to sell at public auction enough of the merchandise to pay its claim and expenses, and to turn back to plaintiff the unsold property. At plaintiff's store defendant conducted auction sales of goods daily from February 21, 1906, until March 7, 1906, the proceeds of the last day's sale being $11.75, and the total, including some goods furnished by defendant for the purpose of the auction, being $860.55. Promptly after the closing of the auction, defendant packed and shipped to Chicago practically all of the remaining stock, and sold the safe and store furniture or fixtures. By pleadings and proofs plaintiff attempted to show that defendant had a lien only for the amount of its

claim; that it agreed to turn back the stock, after paying
the debt from the net proceeds of auction sales; that it con-
verted to its own use defendant's property of the value of
$3,522.67; and that it was liable for that sum with interest
from March 7, 1906. Defendant asserts in its answer and
proofs that there was no oral condition attached to the bill
of sale, and that the net proceeds of the property trans-
ferred did not exceed plaintiff's indebtedness.

The principal argument of defendant on the appeal is
directed to these propositions: There was error in admit-
ting testimony that the market value of the safe and the
fixtures in plaintiff's store was between $1,500 and $2,000;
there was error in an instruction that the fair market value
of the fixtures was a material allegation of the petition;
there was error in an instruction requiring the jury, when
determining the amount of plaintiff's recovery, to ascertain
the fair market value of the safe and the fixtures remaining
unsold at the close of the auction sale. The basis of these
assigned errors is the failure of plaintiff to allege in his
petition facts constituting a plea that defendant converted
to its own use the safe and the fixtures in plaintiff's store.
The question is a serious one. As an element in plaintiff's
recovery for conversion, testimony, over defendant's objec-
tion, was admitted to show that the fair market value of
the safe and the fixtures was between $1,500 and $2,000.
Did defendant, a wholesale jeweler, convert to its own use
property of that value, under the pretext of securing and
collecting a debt of $772.06, after having sold a large part
of the retail stock at auction, and after having shipped the
remainder to Chicago? The duly executed bill of sale,
absolute in form, purported to transfer the safe and the
fixtures to defendant. In that instrument the stock of
merchandise and the safe and the fixtures were separately
described. The conversion of the merchandise not sold at
public auction is formally charged in the petition with un-
necessary particularity. Most of the allegations relating
to the retail stock make no reference whatever to the safe
and the fixtures. Plaintiff asked leave during the trial to
amend the petition by inserting a definite plea that defend-

ant converted the safe and the fixtures to its own use, but permission was refused. If defendant is answerable in this action for the conversion of the safe and the fixtures, the protection of its rights required plaintiff to insert in his petition a proper allegation of the facts, thus giving it an opportunity to ascertain and prove the market value of the converted property four years earlier. The statutory requirement is that the petition must contain "a statement of the facts constituting the cause of action in ordinary and concise language, and without repetition." Rev. St. 1913, sec. 7664. Such a statement charging the conversion of the safe and the fixtures is not to be found in the petition. Nearly all of the formal allegations which plaintiff employed in stating his cause of action for conversion of the merchandise are not only omitted from the matter relating to the safe and the fixtures, but the petition contains the following language: "Defendant disposed of certain of the fixtures, part of said stock of goods, wares and merchandise, for the sum of $900 cash, and then falsely and fraudulently represented to said plaintiff that said defendant had disposed of said fixtures for the sum of $450." If plaintiff did not intend to charge conversion of the proceeds of the safe and the fixtures, as distinguished from the fixtures themselves, why did the petition contain this allegation? Conversion of proceeds alleged to be $900 and conversion of property shown by testimony to be of the market value of $1,500 or $2,000 are not the same. On the measure of plaintiff's recovery different evidence is required in making defenses. Defendant was entitled to a definite statement of the cause of action involving the safe and the fixtures. It was not made, unless a conversion of the proceeds was charged. Under the petition proof of the market value of the safe and the fixtures was erroneously admitted in evidence, and for the same reasons the instructions on that subject were erroneous. That the errors prevented a fair trial is manifest. While the trial court required a remittitur for $1,000, there is nothing to show that this requirement was attributable to the errors pointed out or that they were thus cured.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.